**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3816-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CECILIA X. CHEN,

    Defendant-Appellant.

_____

Submitted December 14, 2017 — Decided September 6, 2018

Before Judges Rothstadt and Gooden Brown.

On appeal from Superior Court of New Jersey,
Law Division, Monmouth County, Indictment No.
06-04-0739.

Joseph E. Krakora, Public Defender, attorney
for appellant (Kisha M. Hebbon, Designated
Counsel, on the brief).

Christopher J. Gramiccioni, Monmouth County
Prosecutor, attorney for respondent (Lisa
Sarnoff Gochman, Legal Assistant, of counsel
and on the brief).

PER CURIAM

    Defendant Cecilia X. Chen appeals from the February 16, 2016

Law Division order denying her petition for post-conviction relief

(PCR) without an evidentiary hearing.  On appeal, defendant raises the following contentions:

> POINT I:
>
> THE TRIAL COURT ERRED IN DENYING DEFENDANT'S PETITION FOR [PCR] WITHOUT AFFORDING HER AN EVIDENTIARY HEARING TO DETERMINE THE MERITS OF HER CONTENTION THAT SHE WAS DENIED THE RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.
>
>> A.[1]  TRIAL COUNSEL RENDERED INEFFECTIVE LEGAL REPRESENTATION BY VIRTUE OF HIS FAILURE TO REQUEST THE DISMISSAL OF THE INDICTMENT BASED UPON THE STATE'S FAILURE TO PRESERVE BLOOD AND FOOTPRINT EVIDENCE, TO OBJECT TO THE STATE'S USE OF OTHER EVIDENCE OBTAINED FROM THE SCENE, AND TO REQUEST AN "ADVERSE INFERENCE" [SPOLIATION] JURY INSTRUCTION.
>>
>> B. APPELLATE COUNSEL RENDERED INEFFECTIVE LEGAL REPRESENTATION BY VIRTUE OF HIS FAILURE TO RAISE THE ISSUE REGARDING THE STATE'S FAILURE TO PRESERVE EVIDENCE ON DIRECT APPEAL.
>>
>> C. DEFENDANT IS ENTITLED TO A REMAND TO THE TRIAL COURT TO AFFORD HER AN EVIDENTIARY HEARING TO DETERMINE THE MERITS OF HER CONTENTION THAT SHE WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL.

Having considered the arguments and applicable law, we affirm.

---

[1]  We have consolidated parts A and B of defendant's argument for clarity.

We incorporate herein the facts set forth in State v. Chen, 402 N.J. Super. 62 (App. Div. 2008), in which we remanded defendant's 2007 convictions for attempted murder, aggravated assault, and related weapons offenses, and her ten-year prison sentence, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. We directed the trial court to conduct a hearing on the admissibility of the identification evidence admitted at defendant's jury trial and indicated that "[i]f the trial court conclude[d] that the evidence [was] admissible under the standards described [in our opinion], the convictions [were] affirmed." Chen, 402 N.J. Super. at 86-87. Otherwise, "the convictions [would be] reversed and a new trial . . . held without the unreliable evidence." Id. at 87.

We also incorporate the facts set forth in State v. Chen, 208 N.J. 307, 327 (2011), wherein our Supreme Court affirmed our decision remanding the case to the trial court, but modified our approach "to assess the admissibility of identification evidence when there is suggestive behavior but no police action." On the remand, the trial court determined that the victim's identification was properly admitted and entered an order upholding defendant's convictions. We affirmed that determination in State v. Chen, No. A-2710-11 (App. Div. Aug. 20, 2013), and the

Supreme Court denied defendant's petition for certification. State v. Chen, 217 N.J. 295 (2014).

The convictions stemmed from defendant brutally attacking and stabbing the pregnant wife of her ex-boyfriend, after duping the victim to gain access to her home. The victim, who had never seen her attacker before, fought back, and both women ended up outside, where a neighbor heard the victim's screams, observed the fighting, and called the police. When the neighbor ran to the victim's aid, the attacker fled.

Although the police were unable to locate the attacker, they recovered a blood drop in the snow just outside the front door of the victim's house and boot prints in the snow around the blood drop. However, the bloodstained snow melted before it could be analyzed, and the police did not attempt to identify the boot prints because of all the people who responded and trampled the crime scene. Nonetheless, the victim told police she did not believe she had injured her attacker or caused her to bleed.

The investigation ultimately targeted defendant based on a telephone conversation three days earlier between defendant and the victim's husband, during which defendant expressed regret over their break up several years prior. The victim later identified defendant as her attacker from a photo array, after her husband made the suggestion and showed her photographs of defendant from

4

her personal website.[2] The neighbor also identified defendant as the attacker from a photo array, after viewing a composite sketch of the attacker in the newspaper.

With defendant's consent, police searched defendant's home and car. From the search of her car, police recovered a piece of paper bearing the victim's phone number. From the search of her home, police recovered clothing matching the description provided by the victim. A coworker of defendant also confirmed that defendant wore black eyeglasses similar to a pair recovered from the crime scene. At trial, defendant admitted calling the victim's husband three days before the attack because she felt badly about the breakup, but denied leaving her home in Maryland to come to New Jersey on the date in question to attack the victim.

In her timely PCR petition, defendant argued, among other things, that her trial attorney was ineffective for not moving to dismiss the indictment because of the State's failure to preserve crime scene evidence, namely, the bloodstained snow and boot prints. She argued further that her trial attorney was ineffective for not requesting an adverse inference jury instruction based on the spoliation of the evidence. She also argued that her appellate

---

[2] The reliability of the victim's identification following these actions by a private party were the focus of the appellate litigation.

counsel was ineffective for failing to raise the spoliation issue on her direct appeal.

Following oral argument, without conducting an evidentiary hearing, the PCR court denied defendant's petition in a February 16, 2016 written opinion. First, Judge Ronald L. Reisner determined that "defendant's arguments regarding spoliation of evidence [were] procedurally barred" because "[t]here [was] sufficient evidence in the trial record . . . such that counsel could have raised these issues on direct appeal." Thus, the judge concluded that "defendant's claims of spoliation and consequential issues" were "barred under [Rule] 3:22-4."[3]

Nonetheless, the judge addressed the merits. Applying Strickland v. Washington, 466 U.S. 668 (1984), State v. Fritz, 105 N.J. 42 (1987), and Rule 3:22-10(b), the judge determined that

---

[3] Rule 3:22-4(a) bars any ground for relief not raised in a prior proceeding unless the court finds

> (1) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or
>
> (2) that enforcement of the bar . . . would result in fundamental injustice; or
>
> (3) that denial of relief would be contrary to a new rule . . . under either the Constitution of the United States or the State of New Jersey.

defendant failed to establish a prima facie case of ineffective assistance of counsel on any of the grounds raised to warrant an evidentiary hearing or PCR. The judge explained that "defendant offer[ed] only conclusory statements asserting that [trial] counsel was ineffective for not properly addressing the spoliation of evidence at the trial" or "request[ing] an adverse jury instruction." Further, "[d]efendant [had] not demonstrated that her appellate counsel performed deficiently because he failed to raise these issues on direct appeal."

The judge stated that defendant neither "explain[ed] how this conduct . . . fell below an objective standard of reasonableness" nor "demonstrate[d] how the result of the proceedings would have been different." Rather, defendant only asserted "that this evidence could have been helpful to her defense. However, according to the judge, counsel's performance was not deficient because "[t]he arguments with respect to the snow and boot print evidence were not . . . sufficiently material to the defense of innocence or third party guilt, or even reasonable doubt" and "trial counsel did indeed address this evidence in summations to the jury." Thus, "[t]he jury . . . did consider these arguments and rejected them."

Further, in rejecting defendant's claims, the judge explained:

> There [was] no evidence whatsoever that the perpetrator of the attack . . . was cut or bleeding, therefore the blood in the snow was not that of the attacker. Moreover, even if all the footprints would have been photographed or retained, given the number of individuals who arrived at the crime scene, there would be no way to connect any of the footprints to the shoes worn by the attacker as no shoes were ever located or seized for any comparative tests.

Turning to the prejudice prong, the judge concluded that "defendant [had] not proffered sufficient proof that prior counsel's failure to address the spoliation of evidence would have prejudiced the defendant" because the trial court "would have likely denied a motion to dismiss the indictment and reject[ed] the adverse inference charge." Further, had the jury "been instructed as to the spoliation," they "could have still rejected the adverse inference and reached the same conclusion that they did." Moreover, "it [was] doubtful that the jury's verdict would have been different given the overwhelming evidence supporting the conviction."

As to appellate counsel, citing <u>Harrington v. Richter</u>, 562 U.S. 86, 90 (2011), the judge pointed out that "[i]t [was] difficult to establish ineffective assistance when counsel's overall performance indicates active and capable advocacy." The judge found that "[h]ere, appellate counsel's overall performance . . . indicate[d] capable advocacy" because "[h]is

post-conviction representation of defendant was so successful that the New Jersey Supreme Court [had] . . . recognized the need for a 'Chen[4] hearing' to address whether 'eyewitness identifications tainted by private suggestive procedures' are admissible." The judge entered a memorializing order, and this appeal followed.

On appeal, defendant argues she established "a prima facie case that trial counsel's failure to request the dismissal of the indictment based upon the State's failure to preserve blood and footprint evidence, . . . failure to object to the State's use of other evidence obtained from the scene,[5] . . . failure to request an 'adverse inference' spoliation jury instruction," as well as "appellate counsel's failure to raise these issues on direct appeal constituted ineffective assistance of counsel in violation of the state and federal constitutions." Defendant asserts a remand is necessary for an "evidentiary hearing . . . to further substantiate these claims." We are not persuaded by any of these arguments and affirm substantially for the reasons expressed by Judge Reisner in his comprehensive written opinion. We add only the following brief comments.

---

[4]  Chen, 208 N.J. at 311.

[5]  Because defendant presents no legal argument to support this contention, she has effectively waived this argument on appeal. See N.J. Dep't of Envtl. Prot. v. Alloway Twp., 438 N.J. Super. 501, 506 n.2 (App. Div. 2015).

Even if defendant's claims were not procedurally barred, the mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing.  State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).   Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance of counsel, material issues of disputed fact lie outside the record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013).   We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion.  State v. Preciose, 129 N.J. 451, 462 (1992).

To establish a prima facie claim of ineffective assistance of counsel, the defendant must meet the Strickland-Fritz two-prong test.  Specifically, the defendant must establish both that: (1) counsel's performance was so deficient as to "[fall] below an objective standard of reasonableness"; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 688, 694.

Claims of ineffective assistance of appellate counsel are guided by the same principles.  State v. Morrison, 215 N.J. Super.

540, 546 (App. Div. 1987). In addition, an appellate attorney is not ineffective for failing to raise every issue imaginable. State v. Gaither, 396 N.J. Super. 508, 515 (App. Div. 2007). Rather, appellate counsel is afforded the discretion to construct and present what he or she deems are the most effective arguments in support of their client's position. Id. at 516.

"[I]n order to establish a prima facie claim, [the defendant] must do more than make bald assertions that [s]he was denied the effective assistance of counsel. [She] must allege facts sufficient to demonstrate counsel's alleged substandard performance." Cummings, 321 N.J. Super. at 170. Indeed, the defendant must establish, by a preponderance of the credible evidence, that she is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013).

We conclude from our review of the record that defendant failed to make a prima facie showing of ineffective assistance of counsel under the Strickland-Fritz test, and we discern no abuse of discretion in the denial of defendant's PCR petition without an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-3816-15T1